PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Ave, Suite 720
Riverside, CA 92501-3200
Telephone:   (951) 276-6990
Facsimile:    (951) 276-6973
Email:        Abram.S.Feuerstein@usdoj.gov

FILED & ENTERED

MAR 14 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill     DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>CAESAR A. RODRIQUEZ,<br><br>    Debtor. | Case No. 6:18-bk-10407-MH<br><br>Chapter 13<br><br>**ORDER GRANTING MOTION BY UNITED STATES TRUSTEE TO DISMISS CHAPTER 13 CASE WITH A RE-FILING BAR**<br><br>Date:   March 8, 2018<br>Time:   12:30 p.m.<br>Place:   Courtroom 303<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

-1-

1   The Court held a hearing on March 8, 2018, on the *Motion by United States Trustee to Dismiss Chapter 13 Case with a Re-Filing Bar* [docket number 10] ("Motion") filed on February 5, 2018, by Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee").

    Mohammad Tehrani, Esq., appeared for the U.S. Trustee. Other appearances are as stated on the record.

    For the reasons stated in the Motion, the attached tentative ruling, and discussion on the record, notice being proper and good faith appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.  The Motion is granted.

    2.  The debtor, Caesar A. Rodriguez, is barred from filing another bankruptcy case for six months from the date of the entry of this order.

                                ###

Date: March 14, 2018

Mark Houle
United States Bankruptcy Judge

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Thursday, March 8, 2018**　　　　　　　　　　　　　　　　　　　　　　　Hearing Room　303

12:32 PM
**6:18-10407**　　**Caesar A Rodriguez**　　　　　　　　　　　　　　　　　　　　　**Chapter 13**

**#22.00**　　Motion by United States Trustee to Dismiss Chapter 13 Case with a Re-filing Bar

　　　　　　EH__

　　　　　　　　　　　　Docket　　10

**Tentative Ruling:**

　　<u>03/08/2018</u>
　　<u>**BACKGROUND**</u>
　　　　On January 19, 2018 ("Petition Date"), Caesar Rodriguez (the "Debtor") filed his petition for chapter 13 relief.

　　　　The docket reflects that the Debtor has filed numerous prior cases as follows:
1. Case Number 17-13967, Chapter 13 filed in California Central Bankruptcy on 05/11/2017, Dismissed for Failure to File Information on 05/30/2017;
2. Case Number 17-12050, Chapter 13 filed in California Central Bankruptcy on 03/16/2017, Dismissed for Failure to File Information on 04/03/2017;
3. Case Number 16-16171, Chapter 13 filed in California Central Bankruptcy on 07/11/2016, Dismissed for Failure to File Information on 07/29/2016;
4. Case Number 16-14241, Chapter 13 filed in California Central Bankruptcy on 05/11/2016, Dismissed for Failure to File Information on 05/31/2016;
5. Case Number 13-10260, Chapter 13 filed in California Central Bankruptcy on 01/07/2013, Dismissed for Other Reason on 02/21/2013; and
6. Case Number 10-29451, Chapter 7 filed in California Central Bankruptcy on 06/23/2010, Standard Discharge on 10/12/2010.

　　　　On February 5, 2018, the Office of the United States Trustee ("UST") filed a Motion to Dismiss Chapter 7 Case with a Re-Filing Bar (the "Motion"). No opposition has been filed.

　　<u>**DISCUSSION**</u>
　　　　As set forth by the Ninth Circuit in *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999), bad faith, as cause for the dismissal of a Chapter 13 petition with prejudice,

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Thursday, March 8, 2018**     Hearing Room    303

**12:32 PM**
**CONT...**     **Caesar A Rodriguez**     **Chapter 13**

involves the application of the "totality of the circumstances" test. *In re Eisen*, 14 F.3d 469, 470 (9th Cir.1994). The Ninth Circuit has instructed courts deciding whether to dismiss a Chapter 13 petition to consider the following factors:

1. whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner," *id*. (citing *In re Goeb*, 675 F.2d 1386, 1391 (9th Cir.1982));
2. "the debtor's history of filings and dismissals," *id*. (citing *In re Nash*, 765 F.2d 1410, 1415 (9th Cir.1985));
3. whether "the debtor only intended to defeat state court litigation," *id*. (citing *In re Chinichian*, 784 F.2d 1440, 1445–46 (9th Cir.1986)); and
4. whether egregious behavior is present, *In re Tomlin*, 105 F.3d 933, 937 (4th Cir.1997); *In re Bradley*, 38 B.R. 425, 432 (Bankr.C.D.Cal.1984).

A finding of bad faith does not require fraudulent intent by the debtor.

> [N]either malice nor actual fraud is required to find a lack of good faith. The bankruptcy judge is not required to have evidence of debtor ill will directed at creditors, or that debtor was affirmatively attempting to violate the law-malfeasance is not a prerequisite to bad faith.

*In re Powers*, 135 B.R. 980, 994 (Bankr.C.D.Cal.1991) (relying on *In re Waldron*, 785 F.2d 936, 941 (11th Cir.1986)).

    The UST asserts based on the Debtor's petition and history of cases that (1) the Debtor failed to disclose several of his prior cases; (2) that the Debtor's schedules lists only one creditor, Ditech, which may be an indication that the case was filed with the sole purpose of attempting to delay a foreclosure or unlawful detainer proceeding; (3) a second debtor named Roxane Arambula has filed three recent cases within a three month period and has listed the same address on her petition as the address of the Debtor; (4) the Debtor has had at least four cases dismissed for failure to file complete schedules.

    Here, the record set forth by the UST demonstrates the Debtor's bad faith willingness to use inappropriate filings to forestall his creditors. This bad faith finding

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Thursday, March 8, 2018**                                                                 **Hearing Room   303**

<u>12:32 PM</u>
**CONT...      Caesar A Rodriguez**                                                                      **Chapter 13**

is further supplemented by evidence that the Debtor has worked in concert with Ms. Arambula to prevent hinder and delay their creditors. Based on the foregoing facts, including a record of noncompliance with the duties of a debtor, the UST has established that dismissal is warranted and that a two-year bar under the Court's § 105 and § 349 authority is appropriate.

**<u>TENTATIVE RULING</u>**

The Court's tentative ruling is to GRANT the Motion in its entirety DISMISSING the Debtor's case and imposing a two-year re-filing bar.

APPEARANCES REQUIRED.

|                   Party Information                   |
|-------------------------------------------------------|

**Debtor(s):**

  Caesar A Rodriguez                                           Pro Se

**Movant(s):**

  United States Trustee (RS)                               Represented By
                                                                Abram Feuerstein esq

**Trustee(s):**

  Rod Danielson (TR)                                           Pro Se